# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-14-271 |
| KEYON PAYLOR | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE

Defendant Keyon Paylor, by and through his undersigned counsel, James Wyda, Federal Public Defender for the District of Maryland and Brendan A. Hurson, Assistant Federal Public Defender, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress evidence seized in violation of the Fourth Amendment to the United States Constitution and as grounds states the following:

1. Mr. Paylor is charged by indictment with the possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922 (g).

2. Discovery reflects that on January 2, 2014, four (4) Baltimore City Police Department officers (Detectives Hersl, Moore, Romeo, and Sgt. Burns) observed Mr. Paylor walking south in the 600 block of Bartlett Avenue.  The officers wore plain clothes and were riding in an unmarked vehicle.  All officers allege they saw Mr. Paylor walking "at a very fast pace."  Mr. Paylor purportedly turned his head, saw the officers, and began to "pick up [his apparently already quick] pace" before "running up some steps" to the front porch of 647 Bartlett Ave.  The officers allege that all four witnessed Mr. Paylor "hop over" several porches – Bartlett Ave. features a line of classic Baltimore row-houses with connected front porches separated by low fences – before stopping in front of 651 Bartlett Ave.  All officers claim that they were able to see Mr. Paylor "reach into the front of his waistband area with his right hand before removing what appeared to be a black

handgun." The officers allege he placed the suspected gun under the cushion of a chair on the porch of 651 Bartlett Ave. At this point, officers allege that they issued Mr. Paylor "lawful orders to stop," claiming that Mr. Paylor ignored those orders and entered the dwelling.

3. Officers then claim they exited their car and entered the porch area of 651 Bartlett. Soon thereafter, they entered through the front and back doors of the residence itself. They had no warrant and did not receive permission to enter these areas. Once inside the home, officers claim they apprehended Mr. Paylor. Officers then allege that they forcibly took Mr. Paylor to the front porch of the home, where one detective observed a cigar containing suspected marijuana "sitting on top" of the seat cushion the officers alleged was used to secret the suspected handgun moments before. Officers claim that Mr. Paylor then stated, "the weeds [sic] mine [,] I don't know anything about the gun." At this point Officer Moore claims he lifted the seat cushion to reveal a suspected firearm. At no point did the officers receive consent to search any part of the residence.

4. The warrantless stop, seizure, arrest, and search of Mr. Paylor, and the warrantless search of the residence and the objects therein, were made without reasonable suspicion or probable cause and in violation of Mr/ Paylor's rights under the Fourth Amendment to the United States Constitution. Accordingly, all evidence seized in connection with the arrest of Mr. Paylor and the search of 651 Bartlett Ave must be suppressed.

5. It bears noting that the porch of 651 Bartlett Ave. - and the objects and effects on it – are unquestionably protected spaces for Fourth Amendment purposes. See, e.g., Oliver v. United States, 466 U.S. 170 (1984) (noting that "the curtilage . . . warrants the Fourth Amendment protections that attach to the home. . . [and] [a]t common law, the curtilage is the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life

2

. . . and therefore has been considered part of the home itself for Fourth Amendment purposes.") (internal quotations and citation omitted); <u>Florida v. Jardines</u>, 133 S. Ct. 1409, 1415 (2013) ("While the boundaries of the curtilage are generally 'clearly marked,' the 'conception defining the curtilage' is at any rate familiar enough that it is 'easily understood from our daily experience.' . . . Here there is no doubt that the officers entered it: **The front porch is the classic exemplar of an area adjacent to the home and 'to which the activity of home life extends.'")** (internal citation omitted and emphasis added). Thus, to be legal, the search of the porch, and the entry of the residential portion of 651 Bartlett Avenue, required a warrant (or a recognized and applicable exception to the warrant requirement).

6. Officers did not have a warrant and no recognized exception to the warrant requriement applied. As such, the search was illegal and any evidence recovered - specifically the firearm – must be suppressed.

7. Moreover, the seizure and arrest of Mr. Paylor in 651 Bartlett Ave. was unlawful as it came without a warrant. <u>Payton v. New York</u>, 445 U.S. 573, 590 (1980) ("In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."). Thus, evidence recovered from the seizure of Mr. Paylor, including his statement and the alleged weapon itself, must be suppressed as directly attributable to the illegal entry of the home or as "fruit of the poisonous tree." See <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

8. Because investigation of this case is incomplete, Mr. Paylor reserves the right to move for suppression of evidence based on grounds not now discernible. Moreover, Mr. Paylor reserves

the right to supplement this motion with additional arguments and information.

WHEREFORE, the defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


/s/
BRENDAN A. HURSON (Bar # 28179)
Assistant Federal Public Defender
100 South Charles Street
Tower II, Ninth Floor
Baltimore, Maryland  21201
(410) 962-3962
brendan_hurson@fd.org

## POINTS AND AUTHORITIES

1. Illinois v. Gates, 462 U.S. 213 (1983).

2. Fourth Amendment to the United States Constitution.

3. Brendlin v. California, 551 U.S. 249 (2007).

4. California v. Hodari D., 499 U.S. 621 (1991).


                                                   /s/
                                BRENDAN A. HURSON
                                Assistant Federal Public Defender


## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on this Motion.

                                                   /s/
                                BRENDAN A. HURSON
                                Assistant Federal Public Defender