# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 9, 2015

MEMORANDUM TO COUNSEL

    Re:    *United States v. Keyon Paylor*
             Criminal No.: ELH-14-00271

Dear Counsel:

      As you know, counsel for Mr. Paylor sought a subpoena for records of the Baltimore City Police Department Internal Affairs Divison ("IAD") as to the four Baltimore City police officers involved in this case. ECF 40. In the alternative, he sought an *in camera* review of the IAD records by the Court. *See* ECF 40 (*ex parte* subpoena request, ¶ 11). For the reasons discussed in our telephone conference on April 2, 2015, I determined that an *in camera* review by the Court is the appropriate way to proceed.

      On April 1, 2015, I received a letter from the government (ECF 42), along with the three compact discs containing IAD records for three potential witnesses in the above captioned case: Sgt. Jordon Moore, Badge No. I496; Detective Timothy Romeo, Badge No. I678; and Detective Daniel Hersl, Badge No. G491. In ECF 42, the government represented that it had no IAD files for a fourth potential witness, Sgt. John Burns. However, on April 8, 2015, the government submitted a letter (ECF 58), as well as a disc containing IAD files for Sgt. John Burns, Jr., Badge No. G940. In addition, the government submitted an additional IAD file, in paper format, as to Det. Moore. All IAD materials were submitted *ex parte*.

      Over the course of three days, I spent several hours reviewing the IAD materials to determine whether any of the materials fall within the ambit of *Giglio v. United States*, 405 U.S. 150 (1972), or *Brady v. Maryland*, 373 U.S. 83 (1963). *See also United States v. Kelley*, 35 F.3d 929 (4th Cir. 1994). In connection with my review of the materials, I considered the arguments advanced by the defense in its *ex parte* submission dated April 3, 2015. *See* ECF 54.

      I note, preliminarily, that in ECF 42, the government indicated that the discs contain two IAD files for which Judge Quarles previously determined disclosure was required in the case of *United States v. Tavon Hall*, WDQ-14-122. These are referenced in ECF 42 as 2003-02**15** and 2003-1156. However, I noticed that 2003-0215 was not contained on any of the discs provided to me. Rather, I had a file labeled 2003-02**16**. In addition, I noted that although the government claimed the discs contained file 2014-573, this file was not included. Moreover, I could not locate file 2014-459, referenced in ECF 42, although I located 2014-457. As a result, I contacted Mr. Martinez to bring these assorted matters to his attention.

In response, the government filed a submission on April 3, 2015 (ECF 48), providing me, *ex parte*, with a paper copy of IAD 2014-573. *Id.* In addition, the government noted that Judge Quarles had ordered production of 2003-02**16**, not 2003-02**15**. And, the government advised that ECF 42 should have referred to 2014-457, not 2014-459.

In my review of the IAD records with respect to Sgt. Jordon Moore and Detective Timothy Romeo, the IAD records do not contain any sustained charges of misconduct. Nor do the files reflect any determination that these two officers lied, made false statements, or fabricated charges of wrongdoing.

As to Detective Daniel Hersl, I reviewed 30 files/complaints. The government shall disclose the following IAD files of Det. Hersl, subject to a proposed protective order to be submitted promptly by counsel (jointly, if possible).

1) 2003-0216

2) 2003-1156

3) 2006-0080

Notably, file 2006-0080 pertains to two officers, only one of whom is involved in Mr. Paylor's case. Therefore, the government may redact the documents to delete the name of the second officer whose conduct is not pertinent to this case.

4) In addition, I will order partial disclosure of file 2011-0143. In particular, the government shall disclose the letter of February 3, 2012, from Grayling Williams to the Commanding Officer, which reflects the failure of Officer Hersl to issue an evidence receipt to Darryl Wall, Jr. For context, I will also require disclosure of the 17th page of the file, *i.e.*, the undated Memo to the Chief of the Internal Investigation Division from Detective Kirsten Rogers that contains the "Basis of Complaint" and the name of the Complainant. Notably, the file does not contain any indication of disciplinary action taken by the Commanding Officer. Moreover, the remaining portion of the file need not be disclosed, based on findings of "unfounded" and "not sustained" as to all other allegations against the officers, including Det. Hersl. Because there were no sustained findings, the government may redact the names of the police officers, other than Hersl, from the two pages subject to disclosure.

5) File 2014-0637 appears to refer to a lawsuit on behalf of George Lee; it does not constitute a confidential personnel record. Therefore, this file shall be disclosed.

In sum, as to all of the IAD files that I reviewed, I have not ordered disclosure of any records concerning allegations of wrongdoing or misconduct that resulted in determinations of facts as unfounded, not sustained, or where the officer(s) were exonerated, or where the matter was administratively closed, without any adverse finding of misconduct.

By Monday, April 13, 2015, I ask that the government provide me with a status report as to the following open IAD matters: 2014-0670 and 2015-0020. And, the government is directed to retain all of the discs and paper submissions in the event they are needed for appeal.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge